UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04081-HDV-BFM | Date | July 21, 2026 |
| Title | *Sandra Paola Galeano-Ariza v. Warden, Adelanto ICE Processing Center, et al.* | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER ISSUING STAY PUT AND SETTING BRIEFING SCHEDULE RE PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Sandra Paola Galeano-Ariza ("Petitioner"), proceeding in pro per, filed a Petition for Writ of Habeas Corpus on July 21, 2026 ("Petition"). [Dkt. 1]. On the same date, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order ("Application"). [Dkt. 2]. The Application is supported by a declaration from Petitioner ("Declaration"), signed under penalty of perjury. [Dkt. 3]. In her Application, Petitioner requests that the Court immediately order her released from immigration detention. Application ¶ 2.

Petitioner is a native and citizen of Colombia who came to the United States on February 28, 2023 "seeking protection from violence and persecution." Declaration ¶ 4. After entering the United States, Petitioner was released on an order of recognizance and placed under community supervision. *Id.* ¶ 6. Petitioner filed an application for asylum, which is pending. *Id.* ¶ 5. During the three-year period Petitioner has lived in the United States prior to her detention, she complied with her supervision conditions, reported to immigration authorities, appeared for scheduled appointments, obtained employment authorization, maintained employment, and wore an electronic monitoring device, as required by immigration authorities. *Id.* ¶¶ 7–9, 12–16. Petitioner has no criminal history. *Id.* ¶ 17.

On April 10, 2026, Petitioner's electronic monitoring device malfunctioned. *Id.* ¶ 29. That same day, she reported the malfunction to immigration authorities. *Id.* ¶ 32; Application ¶ 29. Three days later, the monitoring device was replaced. Declaration ¶ 34. Petitioner voluntarily appeared at a scheduled appointment with immigration authorities in Santa Ana on May 19, 2026. *Id.* ¶ 40.

Immigration officers arrested Petitioner at that appointment. *Id.* ¶ 46.

On June 2, 2026, Petitioner, through counsel, filed a petition for writ of habeas corpus ("First Petition"). *Sandra Paola Galeano Ariza v. Markwayne Mullin, et al.*, 5:26-cv-03025-BFM (C.D. Cal. June 26, 2026). The First Petition was granted. *Id.* Petitioner received an individualized bond hearing before an immigration judge on June 16, 2026. Declaration ¶ 59. The immigration judge denied Petitioner's release. *Id.* ¶ 62. Petitioner has remained in custody at Adelanto ICE Processing Center ("Adelanto") since her May 19th arrest. As a result of her continued detention, Petitioner declares she is experiencing severe psychological distress, as confirmed by psychological evaluations conducted on July 10 and July 13. *Id.* ¶¶ 75–113.

Respondents are ordered to file a response to the Application, which the Court construes as a request for a Preliminary Injunction, by **July 25, 2026**. Respondents must file, concurrently with their response, a copy of the immigration judge's order related to Petitioner's June 16, 2026 bond hearing. The Court will hear oral argument on the Application on **July 30, 2026, at 1:30 p.m. Respondents are ordered to ensure that Petitioner is physically present at that hearing.**

In the interim, based on the Court's inherent powers to preserve the status quo, Respondents are hereby ***enjoined*** from deporting Petitioner from the United States and ***enjoined*** from removing Petitioner outside the Central District of California. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947); *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008).

Respondents are further ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, to place a copy of this Order in **Petitioner Sandra Paola Galeano-Arizas's A-File (A# 246-652-240) in the Adelanto ICE Detention Facility**, and to provide Petitioner with a physical copy of this Order.

The Court refers the case to the Federal Public Defender ("FPD") for consideration of appointment of counsel for Petitioner. The FPD is ordered to file a response indicating whether they will represent Petitioner in this matter by **July 30, 2026,** or to appear at the hearing. This obligation shall be satisfied if the FPD files a notice of appearance in this case. The Clerk of Court is directed to serve a copy of this order on the FPD.

**IT IS SO ORDERED.**

**cc: Jonathan Aminoff, FPD non-capital habeas chief**